UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANGIE CANALES | § | |
| | § | |
| vs. | § | C.A. NO. 3:23-cv-0095 |
| | § | (JURY) |
| STATE FARM LLOYDS | § | |

---

### DEFENDANT'S NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

**STATE FARM LLOYDS** ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 149th District Court, Brazoria County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.      On February 15, 2023, Plaintiff filed this action against State Farm in the 149th District Court of Brazoria County, Texas.  The state court cause number is 121636-CV ("State Court Action").  State Farm was served on February 23, 2023 and filed its answer on March 20, 2023.  The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

2.      In accordance with 28 U.S.C. § 1332 and § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 149th District Court, Brazoria County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

## II.
### NATURE OF SUIT

3.      Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to her in accordance with a Homeowner Policy for damage to her property caused by a storm that occurred on or about September 13, 2021.  *See Plaintiff's Original Petition,* at ¶ 8,  *Attached as Exhibit A*.  Plaintiff asserts causes of action for breach of contract, Texas Prompt Payment of Claims Statute violations (Chapter 542 of the Texas Insurance Code), and violations of Chapters 541 of the Texas Insurance Code.  *Id*. at ¶¶ 13-22.  As addressed in further detail below, State Farm now timely files this Notice of Removal because there is complete diversity of citizenship between the parties and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## III.
### BASIS OF REMOVAL

4.      The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. At all relevant times, Plaintiff was, and continue to be, a resident of Brazoria County, Texas.  *Plaintiff's Original Petition,* at ¶ 1.  State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code.  The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same).  At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are,

citizens of states other than Texas. *See Affidavit of Weslie Sawyer, Attached as Exhibit B*. Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, Plaintiff seeks to recover damages for State Farm's denial and/or underpayment of the claim. *See Plaintiff's Original Petition,* at ¶9. Plaintiff claims damages of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs. *Id*. at ¶ 4.  Plaintiff further seeks treble damages, exemplary damages, and attorney's fees. *Id*. at ¶¶ 22-25. S*ee Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010) ("punitive and treble damages such as those pled in this case may be considered when computing the amount in controversy"); *Hamilton v. Mike Bloomberg 2020, Inc*., 474 F. Supp. 3d 836, 843 (N.D. Tex. 2020) (allegation of compensatory damages, punitive damages, and attorneys' fees bound court to hold that "it is more likely than not that the amount in controversy here exceeds the sum or value of $75,000.00, exclusive of interests or costs.").

7.      In light of the foregoing, it is indisputable that the amount in controversy in this case exceeds $75,000.00 based on the preponderance of the evidence. *See Whitmire v. Bank One, N.A*., No. Civ. A. H–05–3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (economic damages of $28,188.36, together with unspecified mental anguish, treble damages, and attorney's fees, revealed an amount in controversy over $75,000); *see also Hamilton*, at 843.  As such, Plaintiff cannot show that she is legally certain that the recovery will not exceed the amount stated in the Petition. *See De Aguilar v Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995), *cert. denied* 516 U.S. 865) ( "we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

## IV.
### REMOVAL PROCEDURES

8.    On February 15, 2023, Plaintiff filed suit against State Farm in the 149th District Court, Brazoria County, Texas. *See Original Petition*. State Farm was served on February 23, 2023 and filed its answer on March 20, 2023.  *See Return of Service, Exhibit C; and State Farm's Original Answer, Exhibit D.*  This Notice of Removal is being filed on March 24, 2023. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit.  *See* 28 U.S.C. § 1446(c)(1).

9.    The Galveston Division of the Southern District of Texas is the proper venue because: (1) the property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Brazoria County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was filed and is pending in Brazoria County.  *See* 28 U.S.C. § 1441(a).  Brazoria County is within the jurisdictional limits of the Galveston Division. 28 U.S.C. § 124(c)(2).

10.    All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule CV-81 to be filed with this Notice of Removal are included in the Index of Matters Being Filed, attached.  In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly filed with the Brazoria County District Clerk's Office and served on Plaintiff.

11.    A jury trial was requested in state court and a jury fee was paid.  Defendant hereby requests a jury trial in this cause of action pursuant to Local Rule CV-81(b).

## V.
### PRAYER

12.    State Farm respectfully requests that the above-styled action now pending in 149th District Court, Brazoria County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against

Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By:_____

**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Rachel Crutchfield
Federal Bar No. 3696121
State Bar No. 24012481
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rcrutchfield@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 24th day of March, 2023.

Maria R. Gerguis                                                    **VIA CM/ECF**
Richard D. Daly
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
ecfs@dalyblack.com
mgerguis@dalyblack.com
rdaly@dalyblack.com


_____
**RACHEL CRUTCHFIELD**

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### ANGIE CANALES V. STATE FARM LLOYDS

(A)    Plaintiff's Original Petition

(B)    Affidavit of Weslie Sawyer

(C)    Citation

(D)    Defendant State Farm Lloyds' Original Answer

(E)    Defendant State Farm Lloyds's Jury Demand

(F)    State Court Case Summary/Docket Sheet

(G)    All Counsel of Record and List of Parties

Filed for Record
2/15/2023 11:25 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
121636-CV
Brittiany Soirez, Deputy

121636-CV

CAUSE NO. _____

| | | |
|---|---|---|
| ANGIE CANALES, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | BRAZORIA COUNTY, TEXAS |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |
| | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Angie Canales, ("Ms. Canales"), Plaintiff herein, files this Original Petition against State Farm Lloyds ("State Farm") and, in support of her causes of action, would respectfully show the Court the following:

## I.
### THE PARTIES

1.     Ms. Canales is a Texas resident who resides in Brazoria County, Texas.

2.     State Farm is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
### DISCOVERY

3.     This case is intended to be governed by Discovery Level 2.



Defendant's
Exhibit

A

## III.
## CLAIM FOR RELIEF

4.     The damages sought are within the jurisdictional limits of this court. Ms. Canales currently seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

## IV.
## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.     Venue is proper in Brazoria County because all or a substantial part of the events or omissions giving rise to the claim occurred in Brazoria County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Brazoria County.

## V.
## FACTUAL BACKGROUND

7.     Ms. Canales is a named insured under a property insurance policy issued by State Farm.

8.     On or about September 13, 2021 a storm hit the Brookside Village, Texas area, damaging Ms. Canales's house and other property. Ms. Canales subsequently filed a claim on her insurance policy.

9.     State Farm improperly denied and/or underpaid the claim.

10.     The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages were observed during the inspection, and undervalued the damages observed during the inspection.

11.     The adjuster's unreasonable investigation led to the underpayment of Ms. Canales's claim.

2

12.     Moreover, State Farm performed an outcome-oriented investigation of Ms. Canales's claim, which resulted in a biased, unfair and inequitable evaluation of Ms. Canales's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     State Farm had a contract of insurance with Ms. Canales.  State Farm breached the terms of that contract by wrongfully denying and/or underpaying the claim and Ms. Canales was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of State Farm to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16.     Ms. Canales, therefore, in addition to Ms. Canales's claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated § 541.051 of the Texas Insurance Code by:

    (1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated § 541.060 by:

    (1)     misrepresenting to Ms. Canales a material fact or policy provision relating to coverage at issue;

3

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Ms. Canales a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Ms. Canales or submit a reservation of rights to Ms. Canales; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

21.     Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

22.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

4

23.    Ms. Canales engaged the undersigned attorney to prosecute this lawsuit against State Farm and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

24.    Ms. Canales is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because she is represented by an attorney, presented the claim to State Farm, and State Farm did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25.    Ms. Canales further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

26.    All conditions precedent to Ms. Canales's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Ms. Canales prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Ms. Canales be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Ms. Canales may show herself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: ___ /s/ *Maria R. Gerguis*
       Maria R. Gerguis
       TBA No. 24090355
       mgerguis@dalyblack.com
       Richard D. Daly
       TBA No. 00796429
       rdaly@dalyblack.com
       ecfs@dalyblack.com
       2211 Norfolk St., Suite 800
       Houston, Texas 77098
       713.655.1405—Telephone
       713.655.1587—Fax

       **ATTORNEYS FOR PLAINTIFF**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| **ANGIE CANALES** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 3:23-cv-0095** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

### <u>AFFIDAVIT OF WESLIE SAWYER</u>

This day appeared before me, the undersigned authority, WESLIE SAWYER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Weslie Sawyer. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also a Finance Director for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My business address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the records of the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On June 24, 2022, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated December 10, 2021 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:  Michele Celeste Russo replaced Annette Romero Martinez.



The current underwriters for State Farm Lloyds are listed below:

- Mark Edward Schwamberger:  Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson:  Ms. Johnson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord:  Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak:  Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs:  Mr. Isaacs is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo:  Ms. Russo is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.    At all times since the June 24, 2022 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

_____
WESLIE SAWYER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this

the 22nd day of March_____, 2023.

_____
Notary Public for the State of Illinois

> OFFICIAL SEAL
> ROSEMARY L AUSTIN
> NOTARY PUBLIC, STATE OF ILLINOIS
> MY COMMISSION EXPIRES: 5/16/2025

3



KSB / ALL
**Transmittal Number: 26436710**
**Date Processed: 02/23/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Angie Canales vs. State Farm Lloyds |
| **Matter Name/ID:** | Angie Canales vs. State Farm Lloyds (13679153) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Brazos County District Court , TX |
| **Case/Reference No:** | 121636-CV |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/23/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Daly & Black, P.C.<br>713-655-1405 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



Defendant's
Exhibit

**C**

Service No. 249585

CITATION

This space for use by the District Clerk's Office Only

## CAUSE NO. 121636-CV
## 149TH DISTRICT COURT

Defendant

TO:    **State Farm Lloyds**
**By serving its Registered Agent**
**Corporation Service Company**
**211 East 7th Street, Suite 620**
**Austin, Texas 78701-3218**

NOTICE:

    You have been sued. You may employ an attorney. If you or your Attorney do not file a written answer with the Clerk who issued this Citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this **Citation** and **Plaintiff's Original Petition** a Default Judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. If filing Pro Se, said answer may be filed by mailing same to: Brazoria County District Clerk's office, 111 E. Locust, Room 500, Angleton, TX 77515-4678 or by bringing said answer in person to the aforementioned address.

    The case is presently pending before the **149th District Court** of Brazoria County sitting in Angleton, Texas, and was filed on the **15th day of February, 2023.** It bears Cause No. **121636-CV** and Styled:

**Angie Canales**
vs.
**State Farm Lloyds**

    The name and address of the Attorney filing this action (or Party, if Pro se) is, **Maria R. Gerguis, Daly & Black, P.C., 2211 Norfolk St., Suite 800, Houston, Texas 77098.**

    The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition to be attached to this Citation by Plaintiff's attorney.

    Issued under my hand and the seal of said Court, at Angleton, Texas, on the **16th day of February, 2023.**

**CASSANDRA TIGNER, DISTRICT CLERK**
**Brazoria County, Texas**

By _____ Deputy

*Brittany Soirez*

Digitally signed by
Brittany Soirez
Date: 2023.02.16 13:51:50
-06'00'

Brittany Soirez

Citation (no service copies)

**SERVICE COPY**

Service No. 249585

RETURN OF SERVICE

CAUSE NO. 121636-CV  149th District Court

ANGIE CANALES
VS.
STATE FARM LLOYDS

State Farm Lloyds
By serving its Registered Agent
Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

Came to hand on the _____ day of _____, 20___ at _____, o'clock _____.m., and executed in _____ County, Texas by delivering to each of the within named parties in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to-wit:

NAME    DATE   TIME   PLACE, COURSE, AND DISTANCE FROM COURTHOUSE    MILEAGE

and not executed as to (NAME)_____

and the cause or failure to execute this process is for the following reason: _____

_____

The diligence used in finding said (NAME) being: _____

FEES:
Serving Citation and Copy     $_____    _____ , Officer
Mileage: _____ miles @      $_____ per mile
                              $_____    _____County, Texas
Total                         $_____    _____
                                                        Deputy/Authorized Person

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)
address is_____
              (Street, City, State, Zip Code, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20___.

_____
Declarant/Authorized Process Server

_____
(Id No. and expiration of certification)

Citation (no service copies)

Filed for Record
9/20/2023 9:51 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
121636-CV
Angela Gray, Deputy

## CAUSE NO. 121636-CV

| | | |
|---|---|---|
| ANGIE CANALES | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 149TH JUDICIAL DISTRICT |

## <u>DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

 Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

 **1.** State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm requires Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

 **2.** **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property arising from the reported loss. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss arising from the reported loss.

 **3.** **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the



Defendant's
Exhibit

**D**

Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" shown on the Policy declarations and in other clauses contained in the Policy sued upon.

6.      **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss."

7.      **Loss Settlement Provision/Conditions Precedent: Replacement Cost Benefits.** Plaintiff has not satisfied the conditions precedent under the Policy for the recovery of replacement cost benefits or additional payments. State Farm paid Plaintiff's covered damages under the Coverage A claim per by the Policy's loss settlement provision. The Policy provides in relevant part:

**SECTION I – LOSS SETTLEMENT**
**COVERAGE A – DWELLING**

**A1 – Replacement Cost Loss Settlement – Similar Construction**:

 a.  We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

  (1)  until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations,** not to exceed the cost to repair or replace the damaged part of the property;

2

(2)  when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3)  to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed…

Further, upon issuance of the appraisal award in this matter, State Farm properly and timely issued payment to Plaintiff for the full actual cash value of covered damages in the appraisal award. Plaintiff has yet to provide notification to State Farm that repairs to the property are complete, nor has she requested the replacement cost benefits available to her under the State Farm Policy, provided documentation of repairs to the property or otherwise complied with the conditions precedent under the Policy related to the issuance of replacement cost benefits.  Thus, Plaintiff's claim fails due to Plaintiff's failure to meet a condition precedent to recovery of replacement cost benefits.

8.  **Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence.

9.  **Normal Wear and Tear and Maintenance.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

1.  We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or

gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

* * * * *

g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;
h. corrosion, electrolysis, or rust;
i. wet or dry rot;

* * * * *

2.  *We* will not pay for, under any part of this policy, any loss consisting of one or more of the items below. Further, *we* will not pay for any loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to, or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

* * * * *

   b. defect, weakness, inadequacy, fault, or unsoundness in:

* * * * *

   (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction;
   (3) materials used in repair, construction, renovation, remodeling, grading, or compaction; or
   (4) maintenance;

* * * * *

**10.    Bona Fide/Legitimate Dispute.**    A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**11.    No Waiver.**    Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

12.    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

13.    **Written Notice of Claim.**  State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, she is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

14.    **Chapter 542A.**  State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

State Farm Lloyds pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further

pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

15.    **Payment of Appraisal Award.** Because the amount of loss has been determined by appraisal and paid, Plaintiff has not sustained any covered damages that could allow him / her to maintain any extra-contractual cause of action. Specifically, Plaintiff is not entitled to receive any additional Policy benefits, Plaintiff has not lost a contractual right to any additional Policy benefits, and Plaintiff has not alleged any facts that would give rise to an independent injury claim. Further, liability under Texas Insurance Code Chapter 541 incorporates the common law bad faith standard for breach of duty of good faith and fair dealing, which is also barred. Further, Plaintiff's claim for attorney's fees is precluded by Tex. Ins. Code § 542A.007.

16.    **Payment of Interest.** Because the amount of loss has been determined by appraisal and paid and because Plaintiff has been paid any penalty interest which might have been due, which is denied, Plaintiff cannot recover any additional damages.

17.    **Effect of Appraisal Award.** Appraisal only determines the amount of loss. It does not determine coverage or liability under the policy, which here is disputed.

### III.
### RIGHT TO AMEND

18.    State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _Rachel Crutchfield_

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
holidyefile@germer.com
**RACHEL CRUTCHFIELD**
State Bar No. 24012481
rcrutchfield@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 20th day of March, 2023.

Maria Gerguis                                                          Vɪᴀ E-Fɪʟᴇ
Richard D. Daly
Dᴀʟʏ & Bʟᴀᴄᴋ, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
ecfs@dalyblack.com
mgerguis@dalyblack.com
rdaly@dalyblack.com


_Rachel Crutchfield_
**RACHEL CRUTCHFIELD**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liliana Calderon on behalf of Rachel Crutchfield
Bar No. 24012481
lcalderon@germer.com
Envelope ID: 73799759
Filing Code Description: Answer
Filing Description: Original Answer
Status as of 3/20/2023 10:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard D.Daly | | ecfs@dalyblack.com | 3/20/2023 9:51:51 AM | SENT |
| Maria Gerguis | | mgerguis@dalyblack.com | 3/20/2023 9:51:51 AM | SENT |
| Darwin Blanco | | dblanco@dalyblack.com | 3/20/2023 9:51:51 AM | SENT |
| Sylvia Zuniga-Vargas | | svargas@dalyblack.com | 3/20/2023 9:51:51 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel Crutchfield | | rcrutchfield@germer.com | 3/20/2023 9:51:51 AM | SENT |

Filed for Record
9/20/2023 9:31 AM
Cassandra C. Tigner, District Clerk
Brazoria County, Texas
121636-CV
Angela Gray, Deputy

## CAUSE NO. 121636-CV

| | | |
|---|---|---|
| ANGIE CANALES | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | BRAZORIA COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 149TH JUDICIAL DISTRICT |

### DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

      COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury. The requisite jury fee is being tendered with the filing of this demand.

      WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

      Respectfully submitted,

      **GERMER PLLC**

By: _Rachel Crutchfield_

      **DALE M. "RETT" HOLIDY**
      State Bar No. 00792937
      holidyefile@germer.com
      **RACHEL CRUTCHFIELD**
      State Bar No. 24012481
      rcrutchfield@germer.com
      America Tower
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      (713) 650-1313 – Telephone
      (713) 739-7420 – Facsimile

      **ATTORNEYS FOR DEFENDANT,**
      **STATE FARM LLOYDS**



Defendant's Exhibit
E

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 20th day of March, 2023.

Maria Gerguis                                                    VIA E-FILE
Richard D. Daly
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
ecfs@dalyblack.com
mgerguis@dalyblack.com
rdaly@dalyblack.com


                                                    *Rachel Crutchfield*
                                                    _____
                                                    **RACHEL CRUTCHFIELD**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liliana Calderon on behalf of Rachel Crutchfield
Bar No. 24012481
lcalderon@germer.com
Envelope ID: 73799759
Filing Code Description: Answer
Filing Description: Original Answer
Status as of 3/20/2023 10:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Richard D.Daly | | ecfs@dalyblack.com | 3/20/2023 9:51:51 AM | SENT |
| Maria Gerguis | | mgerguis@dalyblack.com | 3/20/2023 9:51:51 AM | SENT |
| Darwin Blanco | | dblanco@dalyblack.com | 3/20/2023 9:51:51 AM | SENT |
| Sylvia Zuniga-Vargas | | svargas@dalyblack.com | 3/20/2023 9:51:51 AM | SENT |

Associated Case Party: State Farm Lloyds

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel Crutchfield | | rcrutchfield@germer.com | 3/20/2023 9:51:51 AM | SENT |

Skip to Main Content   Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 121636-CV

| | | | |
|---|---|---|---|
| Angie Canales vs. State Farm Lloyds | § § § § § | Case Type: | **Contract - Consumer/Commercial/Debt** |
| | | Date Filed: | **02/15/2023** |
| | | Location: | **149th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds** | **Rachel Crutchfield** *Retained* 713-650-1313(W) |
| **Plaintiff** | **Canales, Angie** | **Maria R. Gerguis** *Retained* 713-655-1405(W) |

---

### EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS | | |
|---|---|---|---|
| 02/15/2023 | **Original Petition (1-10 Plaintiffs) (OCA)** | | |
| 02/15/2023 | **Process Request Form** | | |
| 02/15/2023 | **Docket Sheet** | | |
| 02/16/2023 | **Citation** | | |
| | State Farm Lloyds | Served | 02/23/2023 |
| 03/03/2023 | **Service Returned** | | |
| 03/20/2023 | **Answer** | | |
| 03/20/2023 | **Jury Demand** | | |
| 03/20/2023 | **Jury Fee Paid** | | |



## LIST OF ATTORNEYS/PARTIES

### ANGIE CANALES V. STATE FARM LLOYDS

1.      Maria R. Gerguis
        Richard D. Daly
        Daly & Black, P.C.
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        (713) 655-1405 – Telephone
        (713) 655-1587 – Facsimile
        ecfs@dalyblack.com
        mgerguis@dalyblack.com
        rdaly@dalyblack.com

        *Attorneys for Plaintiff, Angie Canales*

2.      Dale M. "Rett" Holidy
        Rachel Crutchfield
        GERMER PLLC
        America Tower
        2929 Allen Parkway, Suite 2900
        Houston, Texas 77019
        (713) 650-1313 – Telephone
        (713) 739-7420 – Facsimile
        holidyefile@germer.com
        rcrutchfield@germer.com

        *Attorneys for Defendant, State Farm Lloyds*

Defendant's
Exhibit

G